# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENE OGLESBY, MARK RANDAL OGLESBY, CHRISTINE SUSANNE HINKLE, WAYNE WILLIAM OGLESBY, JULIE MICHELLE HAY, individually and as the Successors in Interest of ROBERT OGLESBY, Deceased,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>COUNTY OF KERN, KERN COUNTY SHERIFF'S DEPARTMENT, SHERIFF MACK WIMBISH, KERN MEDICAL CENTER, and DOES 1 to 100, inclusive,<br><br>　　　　　Defendants. | CASE NO. 1:05-cv-00873 TAG<br><br>ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY OF RECORD<br><br>(Doc. 33) |

　　　　Plaintiffs Lorene Oglesby, Mark Randal Oglesby, Christine Susanne Hinkle, Wayne William Oglesby and Julie Michael Hay, individually and as the successors in interest of Robert Oglesby, deceased (hereinafter "Plaintiffs") filed a complaint alleging violations of decedent Robert Oglesby's civil rights while he was an inmate at Lerdo Pretrial Detainment Facility, Lerdo Infirmary and Kern Medical Center between December 2003 and November 2004.  (Doc. 1.)  By stipulation and order, a First Amended Complaint was filed on July 18, 2006, to add a cause of action for elder abuse.  (Doc. 32).  Plaintiffs' attorneys of record, the law firm of Rodriguez Associates, filed the instant Motion to Withdraw as Attorney of Record for Plaintiffs on July 20, 2006.  (Doc. 33.)  Defendants County of Kern, Kern County Sheriff's Department and Kern Medical Center filed a notice of non-opposition to the motion.  (Doc. 35).  A hearing on the motion was held on September 18, 2006 before the Honorable Theresa A. Goldner, United States Magistrate Judge.

///

Local Rule 83-182(d) states in pertinent part:

> [A]n attorney who has appeared may not withdraw leaving the client in propria persona without leave of Court upon noticed motion and written notice to the client and all other parties who have appeared.  The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.  Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those rules. . . Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

Rule 3-700 (C)(1)(d) of the California Rules of Professional Conduct provides:

> . . . a member many not request permission to withdraw in matters pending before a tribunal, and may not withdraw in other matters, unless such request or such withdrawal is because the client by other conduct [client's conduct does not fit into subdivisions a-c] renders it unreasonably difficult for the member to carry out the employment effectively.

Consistent with the above-quoted requirements, Plaintiffs' attorney Daniel Rodriguez filed a declaration attesting that an irreparable breakdown has occurred between Plaintiffs and their counsel. (Doc. 33, Decl. of Daniel Rodriguez, ¶ 4).  Specifically, according to counsel, "Plaintiffs have refused to consider and/or follow the advice of counsel, and are not cooperating with counsel in the prosecution of this case."  (Id.)  Counsel further declared that he is unable to continue representing Plaintiffs' given these circumstances.  (Id.)

Also as required by Local Rule 83-182(d), counsel's declaration states that the last known address of each of the Plaintiffs is as follows: Lorene Oglesby, 304 Park Drive, Bakersfield, California 93306;  Mark Oglesby, P.O. Box 165, Maricopa, California 93252; Christine Hinkle, 147 Boxwood Court, San Luis Obispo, California 93401; Wayne Oglesby, 7616 Mills Drive, Bakersfield, California 93306; and Julie Hay, 7616 Mills Drive, Bakersfield, California 93306.  (Doc. 33, Decl. of Daniel Rodriguez, ¶ 7).  Finally, the record reflects Proof of Service of the motion to withdraw upon each such Plaintiff at the above-referenced addresses.  (Doc. 33, pp. 10-11).

Accordingly, and good cause appearing, the Motion to Withdraw is hereby GRANTED. Plaintiffs' attorneys of record, Daniel Rodriguez, Charles R. Chapman, and Marshall Scott Fontes of the law firm of Rodriguez and Associates are relieved as counsel of record for Plaintiffs, effective upon the occurrence of both of the following events:

///

1. Attorneys Rodriguez, Chapman, and Fontes shall cause a copy of this Order to be served upon each of the Plaintiffs, either at such Plaintiffs' last known addresses as reflected above, or upon each such Plaintiff personally; and

2. Attorneys Rodriguez, Chapman, and Fontes shall cause a proof of such service (as described above) to be filed with the Court, no later than ten (10) days from the date of this Order.

IT IS SO ORDERED.

Dated:   **September 18, 2006**                                **/s/ Theresa A. Goldner**
**j6eb3d**                                                              UNITED STATES MAGISTRATE JUDGE